IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEWIS & CLARK COUNCIL, BOY SCOUTS OF AMERICA<br><br>      **Plaintiff,**<br><br>      v.<br><br>ALICIA LIFRAK<br>**Serve at:**<br>1647 Golf Course Drive<br>Belleville, IL 62220<br><br>      **Defendant.** | **Case No. 3:16-cv-1200**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Lewis & Clark Council, Boy Scouts of America ("LCC"), and for its causes of action against Defendant Alicia Lifrak alleges and states as follows:

## PARTIES

1. Plaintiff LCC is an Illinois not-for-profit corporation with its principal place of business in Belleville, Illinois.

2. Defendant Alicia Lifrak is a resident of Belleville, Illinois.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 1367.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 in that the alleged conduct occurred in this judicial district.

1

## FACTS COMMON TO ALL COUNTS

5. Plaintiff LCC is an organization chartered by Boy Scouts of America ("BSA"), which serves youth in Southwestern Illinois through the Scouting program. The LCC's headquarters is located at 335 West Main Street, Belleville, IL 62220.

6. Defendant was employed by LCC as Scout Executive from approximately February 2009, until her termination on January 31, 2016. In her position, Defendant reported directly to the LCC's Board, and served as the top executive for LCC. By virtue of her role as Scout Executive, Defendant owed a fiduciary duty and a duty of loyalty to LCC.

7. Beginning on or before January 1, 2015, and continuing until her suspension on or about January 14, 2016, Lifrak submitted fraudulent expense reports to LCC for reimbursement. Specifically, Lifrak submitted expense reports seeking reimbursement for (a) personal meals with her family and children, (b) personal items for home such as flat screen televisions and Christmas lights, (c) personal travel and vacation, including hotel and dining charges while at her high school reunion, (d) a mobile game trailer for her son's birthday, and (e) personal services such as a body wrap. In addition, on several occasions, Lifrak submitted an expense report seeking reimbursement for an expense in one month and then submitted the same expense for reimbursement in the next month.

8. On one occasion, Lifrak submitted an expense report seeking reimbursement of $1,500.00 for a leadership conference at Washington University. She subsequently received a partial credit of $1,000.00 for the conference at Washington University. Rather than notify LCC of the credit and refund the money, Defendant submitted her credit card statement with her next month's expense report and crossed out the credit. As a result, LCC reimbursed Defendant $1,500.00 for a conference for which she only paid $500.00.

9. LCC reimbursed Defendant for these fraudulently submitted expenses. The total amount of fraudulently submitted expenses exceeded $15,000.00. On or about June 1, 2016, Defendant sent LCC a check in the amount of $8,141.73 as reimbursement for some of her alleged fraudulent expenses. LCC has not deposited this check in that it does not equal the total amount of fraudulently submitted expenses.

10. On January 31, 2016, following an investigation into her fraudulent expense reporting, LCC terminated Defendant's employment. At the time of her termination, Defendant was directed to return all company issued equipment to LCC, which included her company issued iPad and iPhone.

11. On or about February 15, 2016, Defendant returned her iPhone and iPad to LCC; however, both devices had been completely wiped of all data and information.

12. LCC retained the services of a forensic computer company to attempt to restore the information on these devices and determine when the contents had been wiped. The forensic computer consultant determined that the contents were wiped on or about February 10, 2016. LCC has expended in excess of $5,000.00 to identify and recover the information and data that was wiped from the iPad and iPhone, including but not limited to its efforts to identify which additional expenses submitted by Defendant are fraudulent.

## COUNT I – Violation of the Computer Fraud and Abuse Act

13. LCC realleges and incorporates by reference the allegations in paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Following her termination, Defendant no longer had authorization to access her LCC issued iPad and iPhone. Nonetheless, on or about February 10, 2016, Defendant

intentionally accessed her LCC issued iPad and iPhone, and caused the loss of LCC information and data on both devices.

15. Defendant's conduct violates the Computer Fraud and Abuse act, 18 U.S.C. § 1030, *et seq.*

16. As a direct and proximate result of Defendant's violation of 18 U.S.C. § 1030, LCC has suffered damage in the form of impairment to the integrity and availability of data and information on its protected computer devices.

17. As a direct and proximate result of Defendant's violation of 18 U.S.C. § 1030, LCC has suffered financial loss in excess of $5,000.00, including the cost of the expenditures that have been necessary to investigate, assess and attempt to remedy Defendant's violation of this statute.

18. As a direct and proximate result of Defendant's violation of 18 U.S.C. § 1030, LCC has suffered damages and loss and is entitled to compensatory damages, injunctive relief, and other equitable relief and attorneys' fees allowable under 18 U.S.C. § 1030(g) in an amount to be determined according to proof at trial.

WHEREFORE, LCC prays that this Court enter judgment for LCC and against Defendant in an amount to be determined by a jury, plus interest and penalties; award LCC its reasonable attorneys' fees incurred in this action; award punitive damages as allowed by law; and for such other and further relief as the Court deems just and proper.

## **COUNT II – Conversion**

19. LCC realleges and incorporates by reference the allegations in paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. As explained in detail herein, Defendant used her position as Scout Executive to submit and obtain reimbursement of fraudulent expenses in an amount exceeding $15,000.00.

21. Defendant wrongfully and without authorization assumed control, dominion, or ownership over LCC's personal property in the form of money in an amount exceeding $15,000.00.

22. At all relevant times, LCC has had a lawful right to the personal property over which Defendant has wrongfully and without authorization assumed control, dominion, or ownership.

23. At all relevant times, LCC has had a lawful right to immediate possession of the personal property over which Defendant has wrongfully and without authorization assumed control, dominion, or ownership.

24. LCC has demanded the return of the personal property over which Defendant has wrongfully and without authorization assumed control, dominion, or ownership.

25. As a result of Defendant's unauthorized assumption of the funds, LCC was damaged in an amount in excess of $15,000.00.

26. Defendant's conduct was outrageous because of evil motive or reckless indifference to the rights of LCC, entitling LCC to punitive damages.

WHEREFORE, LCC prays that this Court enter judgment for LCC and against Defendant in an amount to be determined by a jury, plus interest and penalties; award LCC its reasonable attorneys' fees incurred in this action; award punitive damages as allowed by law; and for such other and further relief as the Court deems just and proper.

## COUNT III – Unjust Enrichment

27. LCC realleges and incorporates by reference the allegations in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. As explained in detail herein, Defendant used her position as Scout Executive to submit and obtain reimbursement of fraudulent expenses in an amount exceeding $15,000.00.

29. As a result of Defendant's conduct, Defendant retained a benefit to the detriment of LCC.

30. Defendant's retention of the benefit violated fundamental principles of justice, equity, and good conscience.

31. As a result of Defendant's acceptance of the benefit to the detriment of LCC, LCC was damaged in an amount in excess of $15,000.00.

32. Defendant's conduct was outrageous because of evil motive or reckless indifference to the rights of LCC, entitling LCC to punitive damages.

WHEREFORE, LCC prays that this Court enter judgment for LCC and against Defendant in an amount to be determined by a jury, plus interest and penalties; award LCC its reasonable attorneys' fees incurred in this action; award punitive damages as allowed by law; and for such other and further relief as the Court deems just and proper.

## COUNT IV – Breach of Fiduciary Duty

33. LCC realleges and incorporates by reference the allegations in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. At all times relevant herein, Defendant was a fiduciary of LCC by virtue of her position as Scout Executive.

35. As an agent, executive and officer of LCC, Defendant owed LCC a fiduciary duty with respect to the services she provided LCC.

36. Defendant repeatedly breached that duty when she fraudulently created, submitted and accepted payment for fraudulent expenses over the period of at least January 1, 2015, thru December 31, 2015.

37. Defendant intentionally breached her fiduciary duty to LCC with the intent of converting or misappropriating funds from LCC.

38. Defendant, through her breach, caused LCC to pay in excess of $15,000.00 on fraudulent expenses.

39. As a result of Defendant's breach of her fiduciary duty, LCC was harmed in an amount in excess of $15,000.00.

40. Defendant's conduct was outrageous because of evil motive or reckless indifference to the rights of LCC, entitling LCC to punitive damages.

WHEREFORE, LCC prays that this Court enter judgment for LCC and against Defendant in an amount to be determined by a jury, plus interest and penalties; award LCC its reasonable attorneys' fees incurred in this action; award punitive damages as allowed by law; and for such other and further relief as the Court deems just and proper.

### COUNT V – Breach of Fiduciary Duty – Recovery of Compensation Paid

41. LCC realleges and incorporates by reference the allegations in paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. At all times relevant herein, Defendant was a fiduciary of LCC and was obligated to act in LCC's best interests. Also at all times relevant herein, Defendant was an employee of LCC with a duty of loyalty to the organization.

43. From at least January 1, 2015, thru December 31, 2015, Defendant engaged in a pattern of committing fraud and conversion against LCC, as explained in detail herein.

44. In so doing, Defendant breached both her fiduciary duty and duty of loyalty to LCC.

45. From January 1, 2015, through December 31, 2015, LCC paid Defendant – as salary, bonus and benefits – an amount in excess of $200,000.

46. Defendant acknowledged, accepted and retained the benefit of that compensation in the amount in excess of $200,000.

47. Defendant retained the benefit of that compensation for a period of time in which she failed to provide fidelity or loyalty to LCC.

48. By virtue of her conduct in breach of her fiduciary duty, Defendant is precluded from retaining the benefit of the compensation and benefits provided to her during the period of said breach.

49. Defendant's conduct was outrageous because of evil motive or reckless indifference to the rights of LCC, entitling LCC to punitive damages.

WHEREFORE, LCC prays that this Court enter judgment for LCC and against Defendant in an amount to be determined by a jury, plus interest and penalties; award LCC its reasonable attorneys' fees incurred in this action; award punitive damages as allowed by law; and for such other and further relief as the Court deems just and proper.

### **COUNT VI – Breach of Duty of Loyalty**

50. LCC realleges and incorporates by reference the allegations in paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. At all times relevant herein, Defendant was a fiduciary of LCC by virtue of her position as Scout Executive.

52. As an agent, executive and officer of LCC, Defendant owed LCC a duty of loyalty with respect to the services she provided LCC.

53. Defendant repeatedly breached that duty when she fraudulently created, submitted and accepted payment for fraudulent expenses over the period of at least January 1, 2015, thru December 31, 2015.

54. Defendant intentionally breached her duty of loyalty to LCC with the intent of converting or misappropriating funds from LCC.

55. Defendant, through her breach, caused LCC to pay in excess of $15,000.00 on fraudulent expenses

56. As a result of Defendant's breach of her duty of loyalty, LCC was harmed in an amount in excess of $15,000.00.

57. Defendant's conduct was outrageous because of evil motive or reckless indifference to the rights of LCC, entitling LCC to punitive damages.

WHEREFORE, LCC prays that this Court enter judgment for LCC and against Defendant in an amount to be determined by a jury, plus interest and penalties; award LCC its reasonable attorneys' fees incurred in this action; award punitive damages as allowed by law; and for such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Rodney A. Harrison
Rodney A. Harrison, #44566
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105
Telephone: 314.802.3935
Facsimile: 314.802.3936
rodney.harrison@ogletreedeakins.com

26712382.1