IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEWIS & CLARK COUNCIL, BOY SCOUTS OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 16-CV-1200 –SMY-SCW |
| vs. | ) ) |
| ALICIA LIFRAK, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Pending before the Court are Defendant Alicia Lifrak's motions to stay (Docs. 51, 52). Plaintiff Lewis & Clark Council, Boy Scouts of America ("LCC") filed a response (Doc. 57). For the following reasons, the motions are **DENIED.**

Lewis & Clark Council, Boy Scouts of America ("LCC") is an organization affiliated with, and chartered by, the Boy Scouts of America ("BSA"). LCC conducts Boy Scout activities in Missouri and Illinois. Alicia Lifrak worked for LCC from February 2009 to January 2016 as its Scout Executive. Lifrak reported to Michael McCarthy, BSA's Area Director. In January 2016, LCC terminated Lifrak's employment.

On November 1, 2016, LCC filed this lawsuit against Lifrak relating to alleged fraudulent expenses she submitted during her employment and violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*. Lifrak filed an Answer and Counterclaim against LCC asserting claims of gender discrimination and retaliation under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq.*. Specifically, Lifrak alleges that Michael

McCarthy, BSA, and LCC subjected her to discrimination and retaliation which lead to her termination.

After LCC filed this action, Lifrak initiated filed a Petition against McCarthy in the Circuit Court of St. Louis County, Missouri (the "Missouri action"). Lifrak's Missouri action asserts similar claims as her Counterclaim. In the Petition, Lifrak alleged that McCarthy subjected her to gender discrimination and retaliation, culminating in her termination in violation of the MHRA. Lifrak subsequently amended her petition to add BSA and LCC as defendants. LCC removed the Missouri action to the United States District Court for the Eastern District of Missouri and moved to dismiss. The Missouri action was subsequently remanded back to state court and remains pending.

Lifrak now seeks to stay discovery in this action pending the outcome of the later-filed Missouri action, pursuant to the *Colorado River* abstention doctrine. She asserts that, depending on the outcome of the Missouri action, she may need to amend her Counterclaim to add BSA and McCarthy as new defendants. Additionally, she maintains that it would be more efficient and economical for the parties to conduct discovery regarding all parties at one time after the Missouri action is resolved. LCC counters that even if the Missouri action is subsequently dismissed and Lifrak is allowed to add BSA and McCarthy as defendants to this action, the addition of these two parties would not significantly change or duplicate discovery because the allegations in the Counterclaim regarding BSA and McCarthy are already key issues in discovery.

Under the *Colorado River* abstention doctrine, abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). In

2

deciding whether a stay is appropriate, the district court must determine whether "the concurrent state and federal actions are parallel. Suits are parallel if substantially the same parties are litigating substantially the same issues simultaneously in two fora. *AAR Int'l, Inc. v. Nimelias Enters.,* 250 F.3d 510, 518 (7th Cir. 2001). Suits can be parallel without being identical. *Id*. Abstention is only appropriate where "there is a substantial likelihood that the [state-court] litigation will dispose of all claims presented in the federal case." *TruServ Corp. v. Flegles, Inc.,* 419 F.3d 584, 592 (7th Cir. 2005).

Here, *Colorado River* abstention is not appropriate because the pending Missouri action is not actually parallel to this case. Although the Missouri action is similar to Lifrak's Counterclaim, resolution of the state court action would not resolve any of LCC's claims in this case. Moreover, a stay of discovery is generally only appropriate when a party raises a potentially dispositive threshold issue such as a challenge to a plaintiff's standing or pending resolution of qualified immunity claims. *See Landstrom v. Ill Dep't of Children & Family Servs.,* 892 F.2d 670, 674 (7th Cir. 1990). There are no such dispositive threshold issues pending. As such, contrary to Lifrak's assertions, the interests of judicial economy would not be served by delaying this matter until the resolution of the later-filed Missouri case. Accordingly, the motions are **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 26, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
