## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEWIS & CLARK COUNCIL, BOY SCOUTS OF AMERICA, | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | |
| BOY SCOUTS OF AMERICA, | ) ) | |
| Counter-Defendant, | ) ) | |
| and | ) ) | |
| MICHAEL McCARTHY, | ) ) | |
| Counter-Defendant, | ) ) | Case No. 3:16-cv-01200-SMY-SCW |
| v. | ) ) | |
| ALICIA LIFRAK, | ) ) | |
| Defendant/Counter-Plaintiff. | ) | **JURY TRIAL DEMANDED** |

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND SECOND AMENDED COUNTERCLAIM

**COMES NOW** Defendant Alicia Lifrak and submits her Answer to Plaintiff's First Amended Complaint and Second Amended Counterclaim.  On or about July 21, 2017, the Court granted Lifrak leave to file this pleading.  [Doc. 71].  By agreement between the parties, this pleading "relates back" to the date of the initial filing of this action.

    1.    Admits.

    2.    Admits.

3.     Defendant denies that this action has arisen at all or has been properly presented or alleged and therefore denies Paragraph 3.  However, Defendant does not contest subject matter jurisdiction at this time.

4.     Defendant denies that the "alleged conduct" occurred at all and therefore denies Paragraph 4.  However, Defendant does not contest venue.

5.     Admits.

6.     Defendant admits that she worked for Plaintiff as Scout Executive from approximately February 2009 until her termination on January 31, 2016.  Defendant further admits that she reported, in part, to Plaintiff's Board and that she served as the top local executive for Plaintiff.   Defendant denies all other allegations contained in Paragraph 6.

7.     Defendant admits that she acknowledged receipt of an Employee Handbook and that the Employee Handbook contained the following language: "[employees] have no right of privacy as to any information, messages, or images created, stored, transmitted, or received via the council's technical resources."  Defendant denies all other allegations contained in Paragraph 7.

8.     Denies.

9.     Defendant admits that on one occasion, she submitted an expense report seeking reimbursement of $1,500.00 for a leadership conference at Washington University.  Defendant further admits that she subsequently received a partial credit of $1,000.00 for the conference at Washington University.  Defendant denies all other allegations contained in Paragraph 9.

10.     Denies.

11.     Defendant admits that Plaintiff terminated her employment on January 31, 2016.  Defendant denies all other allegations contained in Paragraph 11.

12.     Defendant admits that she returned her iPhone and iPad to Plaintiff on or about February 15, 2016.  Defendant denies all other allegations contained in Paragraph 12.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations stated in Paragraph 13 and therefore denies the allegations in this paragraph.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

15.     Defendant admits that she was represented by legal counsel at the time of her termination.  Defendant otherwise denies the allegations contained in Paragraph 15.

## COUNT I

16.     Defendant realleges and incorporates by reference paragraphs 1 through 15 of this Answer to the First Amended Complaint as if fully set forth herein.

17.     Defendant admits that 18 U.S.C. § 1030(a)(5)(A) contains the language quoted in Paragraph 17 of Plaintiff's First Amended Complaint.  Defendant denies all other allegations contained in Paragraph 17.

18.     Defendant admits that 18 U.S.C. § 1030(a)(5)(B) contains the language quoted in Paragraph 18 of Plaintiff's First Amended Complaint.  Defendant denies all other allegations in Paragraph 18.

3

19.     Defendant admits that 18 U.S.C. § 1030(a)(5)(C) contains the language quoted in Paragraph 19 of Plaintiff's First Amended Complaint.  Defendant denies all other allegations in Paragraph 19.

20.     Denies.

21.     Denies.

22.     Denies.

23.     Denies.

24.     Denies.

25.     Denies.

26.     Denies.

27.     Denies.

## COUNT II

28.     Defendant realleges and incorporates by reference Paragraphs 1 through 27 of this Answer to the First Amended Complaint as if fully set forth herein.

29.     Denies.

30.     Denies.

31.     Denies.

32.     Denies.

33.     Denies.

34.     Denies.

35.     Denies.

## COUNT III

36.     Defendant realleges and incorporates by reference Paragraphs 1 through 35 of this Answer to the First Amended Complaint as if fully set forth herein.

37.     Denies.

38.     Denies.

39.     Denies.

40.     Denies.

41.     Denies.

## COUNT IV

42.     Defendant realleges and incorporates by reference Paragraphs 1 through 41 of this Answer to the First Amended Complaint as if fully set forth herein.

43.     Denies.

44.     Denies.

45.     Denies.

46.     Denies.

47.     Denies.

48.     Denies.

49.     Denies.

## COUNT V

50.     Defendant realleges and incorporates by reference Paragraphs 1 through 49 of this Answer to the First Amended Complaint as if fully set forth herein.

51.     Denies.

52.     Denies.

53.     Denies.

54.     Admits.

55.     Admits.

56.     Denies.

57.     Denies.

58.     Denies.

## COUNT VI

59.     Defendant realleges and incorporates by reference Paragraphs 1 through 58 of this Answer to the First Amended Complaint as if fully set forth herein.

60.     Denies.

61.     Denies.

62.     Denies.

63.     Denies.

64.     Denies.

65.     Denies.

66.     Denies.

## AFFIRMATIVE AND OTHER DEFENSES

1.      Except as otherwise noted, Defendant denies each and every allegation contained in Plaintiff's First Amended Complaint.

2.      Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

3.     Defendant asserts that her actions were taken in good faith, and that she did not act intentionally or willfully in violation of any law, regulation, constitutional provision, common law, or public policy.

4.     Plaintiff's claims are barred by the equitable doctrines of estoppel, laches, waiver, and/or unclean hands.

5.     Plaintiff's claims are barred by applicable statute of limitation or other periods of limitation.

6.     Plaintiff has made no reasonable efforts to mitigate the damages that it alleges.

7.     Defendant's actions were not intentional, willful, wanton, malicious, and/or outrageous with evil motive, or with reckless indifference to the rights of Plaintiff.

8.     Plaintiff is not entitled to an award of attorneys' fees and/or costs.

9.     Plaintiff is not entitled to punitive damages.

10.     Plaintiff is not entitled to any penalties.

11.     Plaintiff is not entitled to damages for emotional distress and humiliation.

12.     Plaintiff's own conduct, as well as other conduct and events, contributed in whole or in part to Plaintiff's alleged damages.

13.     Any claim for punitive damages alleged by Plaintiff is barred by Amendments V, VI, VII, IX, and XIIII of the United States Constitution in that, punitive damages are penal in nature and amount to a criminal fine, they constitute an unlawful taking, they violate due process, and the guidelines, standards, and/or instructions for

imposition for any such damages are vague in depth, indefinite, and without proper limits.

14.     Plaintiff is not entitled to a jury trial on some or all of the claims it has asserted.

15.     Defendant reserves the right to plead and assert additional affirmative or other defenses when facts and law supporting said defenses become known and available to them in the future.

**WHEREFORE**, Defendant prays that this Court enter judgment for Defendant and against Plaintiff and for such other and further relief as this Court deems just and proper.

## DEFENDANT'S SECOND AMENDED COUNTERCLAIM AGAINST PLAINTIFF AND COUNTERCLAIM-DEFENDANTS

**COMES NOW** Defendant Alicia Lifrak and submits her Second Amended Counterclaim.  On or about July 21, 2017, the Court granted Lifrak leave to file this pleading.  [Doc. 71].  By agreement between the parties, this pleading "relates back" to the date of the initial filing of this action.

## FACTS

1.     Lifrak brings this action for sex discrimination and retaliation under the Missouri Human Rights Act ("MHRA"), Rev. Mo. Stat. § 213.010 *et seq.*, and under the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.*  This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

2.      Lifrak is a female citizen residing in Belleville, Illinois.  At the time during which the below described unlawful conduct occurred, Boy Scouts of America ("BSA") and Lewis & Clark Council ("LCC") employed Lifrak.

3.      BSA is a national organization that operates and conducts Boy Scouts activities throughout the United States, including in the State of Missouri.

4.      LCC is an organization chartered by, and affiliated with, BSA.  LCC conducts Boy Scout operations in Missouri and Illinois.

5.      McCarthy is a male citizen of Missouri.  He resides in St. Louis County, Missouri.

6.      At all times relevant herein, BSA employed McCarthy as an Area Director.

7.      From November 1, 1994 to January 31, 2016, Lifrak worked for BSA.  She held various positions, including Director of Finance & Marketing Services, Director of Support Services, Director of Field Services, and Chief Operating Officer.

8.      In February 2009, Lifrak became Chief Executive Officer ("CEO") for LCC.  In this position, she reported to BSA's Area Director for "Area 3" and to the LCC Board of Directors.

9.      In May 2011, McCarthy became the Area Director for BSA's Area 3.  At that time, he became Lifrak's immediate supervisor.  During the time that he supervised Lifrak, McCarthy's manager was Al Lambert, Director of the Central Region.  As Area Director, McCarthy had authority over Lifrak and approximately ten (10) other CEOs at other local councils.

10.     On information and belief, the top executive positions in the BSA have been predominately filled by males. In particular, BSA has never selected a woman for the CEO position (also known as Scout Executive) for the national organization or for any other senior commissioned officer position.  Upon information and belief, BSA has never selected a woman to hold a Regional Director position.  In addition, at the time of Lifrak's termination, all twenty-seven (27) of BSA's Area Directors were men.  BSA directly played a role in hiring CEOs for the local councils.  At the time of Lifrak's termination, of the approximately two hundred and eighty (280) CEOs of local councils, only five (5) were females, including Lifrak.

11.     During her employment with BSA and LCC, Lifrak performed the duties and responsibilities of her jobs in a satisfactory manner.  Throughout her employment, she received multiple promotions reflecting her strong performance.

12.     Prior to McCarthy becoming Lifrak's supervisor, Lifrak consistently received high ratings in each of the core competency areas of her performance reviews and received no significant negative comments from a manager in connection with her performance reviews.

13.     After McCarthy became Lifrak's supervisor, he made derogatory comments about women in the workplace.  He told Lifrak that he believed that his wife had "her priorities straight" because she stayed at home to take care of their children rather than continuing to pursue her career.  At the time McCarthy made this statement to Lifrak, Lifrak had a young child.  In addition, Lifrak was pregnant at the time with triplets.

14.     In late 2011 and early 2012, after McCarthy learned that Lifrak was pregnant with triplets, he made negative comments about Lifrak's professionalism to Lifrak and to the President of Defendant LCC's Board.   These comments were unfounded.  McCarthy made these comments in an attempt to lower Lifrak's performance ratings.  This instance was the first time that one of Lifrak's managers made any negative comments about her performance in connection with a performance review as CEO.

15.     Lifrak complained to Fred Wallace, BSA's Deputy Regional Director for the Central Region, about McCarthy's conduct and that she believed McCarthy was biased against women.

16.     After Lifrak objected to, and complained about, McCarthy's discriminatory conduct, BSA, LCC, and McCarthy refused to select Lifrak for participation in any CEO leadership programs, national task forces, or committees.  Selection for participation in such activities is vital to a person's ability to advance within the BSA organization and receive promotions.

17.     In October 2012, Lifrak reported and complained to BSA's CEO, Wayne Brock, that McCarthy and Al Lambert were subjecting her to sex discrimination and retaliation.

18.     BSA, LCC, and McCarthy failed to conduct a meaningful investigation of Lifrak's complaint or to end the sex discrimination and retaliation.

19.     In January 2013, McCarthy conducted Lifrak's annual performance review for 2012.   In this review, he sought to give Lifrak ratings lower than she had previously received and lower than were warranted.

11

20.     In Lifrak's 2012 performance review meeting, McCarthy criticized Lifrak for having direct communications and relationships with BSA's national board members. Lifrak and other local council CEOs had maintained such communications and relationships without criticism prior to McCarthy's supervision over Lifrak.   On information and belief, McCarthy did not criticize other CEOs for such communications or relationships.

21.     In August 2013, BSA, LCC, and McCarthy conducted a membership audit of LCC.  On information and belief, McCarthy played a role in deciding to conduct the audits.   The audit revealed that there were no discrepancies or problems with the membership numbers, payments, or any other issue.  On information and belief, BSA, LCC, and McCarthy did not initiate any membership audits for any of other local councils in Lifrak's Area.

22.     In August 2013, BSA, LCC, and McCarthy launched an investigation regarding an alleged relationship between Lifrak and a BSA employee from the National Council and alleged improper expense reports submitted by Lifrak.

23.     The investigation of the charges determined that Lifrak had not improperly submitted any expenses for reimbursement.  However, BSA, LCC, and McCarthy issued a disciplinary reprimand to Lifrak and threatened to terminate her.   BSA also informed Lifrak that Lifrak was now in a "penalty box" which meant she could not be promoted, could not attend or speak at any conference, and could not participate on committees or task forces.

24.     Other similarly-situated executives engaged in allegedly improper relationships but BSA did not investigate their conduct or take disciplinary actions against them.

25.     In October 2013, BSA, LCC, and McCarthy directed a third audit targeted at Lifrak's activities.  The audit once again revealed that there was no improper activity by Lifrak with regard to her expense reports.

26.     In January 2014, Lifrak received an overall "exceeds" rating for her 2013 job performance from the President of LCC.  McCarthy objected to the rating and demanded that Lifrak receive a lower overall rating.  Based upon this objection, Lifrak's final overall rating was lowered to "consistently meets" performance expectations.

27.     BSA and LCC maintained a system wherein CEOs like Lifrak were required to charge all business expenses on his or her own personal credit card and then seek reimbursement for such business expenses by submitting a monthly expense report. BSA, LCC, and McCarthy prohibited Lifrak and other CEOs from using a separate Boy Scouts credit card for charging business expenses.  As CEO, Lifrak was therefore required to charge a large number of business expenses on her own personal credit card.

28.     Before Lifrak received any reimbursement payment for business expenses, multiple individuals were required to review and approve Lifrak's expense reports, including the Board President for LCC, the CFO of LCC, other executives of LCC, and an outside accounting firm.

29.     Prior to January 15, 2016, Lifrak had never been informed of any problems with her expense reports.

13

30.     On or about January 15, 2016, BSA, LCC, and McCarthy met with Lifrak and informed her that she was being suspended based on an allegation that Lifrak had submitted fraudulent expense reports.  McCarthy was involved in the decision to suspend Lifrak.  His involvement in deciding to suspend Lifrak occurred, at least in part, in Missouri.

31.     Lifrak did not fraudulently submit any expense reports.

32.     By letter dated January 20, 2016, Lifrak notified BSA, LCC, and McCarthy that none of the charges in the expense reports was submitted fraudulently.  In addition, Lifrak offered to repay LCC immediately for any mistaken reimbursements.

33.     In her January 20 letter, Lifrak also informed BSA, LCC, and McCarthy that the decision to suspend her was a product of sex or gender discrimination and retaliation and that she had previously complained about such discrimination and retaliation.

34.     On January 30, 2016, Lifrak was terminated.  McCarthy was involved in the decision to fire Lifrak.  His involvement in the decision to terminate Lifrak occurred, at least in part, in Missouri.

35.     On information and belief, similarly-situated BSA executives, LCC executives, and/or executives holding positions with other local councils have fraudulently or inadvertently submitted incorrect or improper expense reports and/or received reimbursement for incorrectly or improperly submitted reports.  Those executives were not suspended or terminated.

36. On information and belief, other similarly-situated LCC executive or executives have been alleged to have, and/or in fact have, fraudulently or improperly retained or converted LCC property of material value for his or their own benefit(s). Such executive(s) was/were not suspended or terminated.

37. Based upon information and belief, no action was taken against any of the individuals who had responsibility for reviewing her expense reports and insuring their accuracy.

## COUNT I - VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT AGAINST BSA, LCC, AND McCARTHY

38. At all times relevant herein, BSA is an employer, as defined by the MHRA, Mo. Rev. Stat. § 213.010(7), in that it employs six (6) or more persons in the State of Missouri.

39. LCC is an employer, as defined by the MHRA, Mo. Rev. Stat. § 213.010(7), in that it employed six (6) or more persons in the State of Missouri.

40. BSA and LCC had responsibility for establishing and implementing policies and training for employees regarding discrimination and retaliation. BSA, LCC, and McCarthy were responsible for receiving, investigating, and responding to complaints of discrimination or harassment. BSA, LCC, and McCarthy had the power and authority to discipline Lifrak and other executives at local councils including for failure to comply with anti-discrimination and anti-retaliation policies. Further, BSA, LCC, and McCarthy were directly involved in decisions to hire and/or fire Lifrak and other executives. BSA directly acted in the interest of LCC within the meaning of Mo.

Rev. Stat. § 213.010(7).  LCC directly acted in the interest of BSA within the meaning of Mo. Rev. Stat. § 213.010(7).   BSA and LCC were joint employers of Lifrak.

41.    At all times relevant herein, McCarthy was an employer, as defined by the MHRA, Mo. Rev. Stat. § 213.010(7), in that as Area Director for BSA and as a person with management authority over Lifrak's employment, he directly acted in the interest of an employer.

42.    BSA and LCC have liability for the actions taken against Lifrak by their managers, representatives, and employees alleged herein, and McCarthy, as an employer under the MHRA, has individual liability for Lifrak's claims.

43.    Lifrak's sex or gender was a contributing factor in the above-described negative employment actions taken against Lifrak by BSA, LCC, and McCarthy, including, but not limited to, the decisions to suspend Lifrak and to terminate Lifrak. Their actions therefore violated Mo. Rev. Stat. § 213.055.

44.    Lifrak's complaints of sex or gender discrimination were a contributing factor in the above-described negative employment actions taken against Lifrak by BSA, LCC, and McCarthy, including, but not limited to, the decisions to suspend Lifrak and to terminate Lifrak.  Their actions constituted retaliation against Lifrak in violation of Mo. Rev. Stat. § 213.070.

45.    The above-described conduct taken against Lifrak was part of an ongoing practice or pattern of discrimination and/or retaliation that comprised of a series of interrelated events.   As such, BSA's, LCC's, and McCarthy's conduct constitutes a continuing violation under Missouri law.

16

46.     Lifrak timely filed charges of sex discrimination and retaliation with the Missouri Commission on Human Rights ("MCHR").  The MCHR docketed Lifrak's charges as Charge Number FE-3/16-25106 and Charge No. FE-3/16-25107.

47.     On October 27, 2016, the MCHR issued a Notice of Right to Sue ("Notice") for the each of above charges.  A copy of the two Notices are attached hereto as Exhibits 1 and 2.

48.     Lifrak has filed this action within ninety (90) days from the dates on the above Notices and within two (2) years from the last act of discrimination or retaliation.

49.     As a direct result of BSA's, LCC's, and McCarthy's conduct and actions, Lifrak has suffered, and will continue to suffer, lost wages and benefits of employment.

50.     As a direct result of BSA's, LCC's, and McCarthy's conduct and actions, Lifrak has suffered emotional distress and mental anguish.

51.     As a direct result of BSA's, LCC's, and McCarthy's conduct and actions, Lifrak has incurred attorney's fees and costs of litigation, and will continue to incur such fees and costs.

52.     BSA's, LCC's, and McCarthy's conduct was outrageous because of their evil motive or reckless disregard for Lifrak's protected rights, and such conduct warrants an award of punitive damages to deter BSA, LCC, and McCarthy and others from such like conduct in the future.

**WHEREFORE**, Lifrak prays that this Court, after trial by jury, find for Lifrak and against BSA, LCC, and McCarthy, and enter judgment for Lifrak for her lost wages, future lost wages, lost benefits of employment, future lost benefits of employment,

17

prejudgment interest on these economic damages, for front pay or reinstatement, emotional distress and mental anguish, attorney's fees and costs of litigation, punitive damages, and such other relief this Court deems just and proper.

### COUNT II - VIOLATION OF ILLINOIS HUMAN RIGHTS ACT AGAINST BSA AND LCC

53.     Lifrak incorporates ¶¶ 1-52 of this Second Amended Counterclaim as though full set forth herein.

54.     At all times relevant hereto, BSA and LCC were "employers" within the meaning of the Illinois Human Rights Act ("IHRA") pursuant to 775 ILCS 5/2-101(B).

55.     At all times relevant hereto, Lifrak was an "employee" within the meaning of the IHRA pursuant to 775 ILCS 5/2-101(A).

56.     BSA's and LCC's conduct, as alleged above, was based on sex discrimination in violation of 775 ILCS 5/2-102(A).

57.     BSA's and LCC's conduct, as alleged above, was based on retaliation in violation of 775 ILCS 5/6-101(A).

58.     As a direct result of BSA's and LCC's unlawful conduct, Lifrak has suffered, and will continue to suffer, lost wages and benefits of employment.

59.     As a direct result of BSA's and LCC's conduct, Lifrak has suffered emotional distress, mental anguish, embarrassment, humiliation, and loss of enjoyment of life.

60.     As a direct result of BSA's and LCC's conduct and actions, Lifrak has incurred, and will continue to incur, attorneys' fees and costs of litigation.

61.     On or about April 5, 2016, Lifrak filed a Charge of Discrimination with the Illinois Department of Human Rights.

62.     On January 17, 2017, the Illinois Department of Human Rights issued two Notices of Dismissal for Lack of Substantial Evidence and Order of Closure, which permits Lifrak to file this action.  Copies of these Notices are attached hereto as Exhibits 3 and 4.

63.     Because this second amended counterclaim relates back to the filing of this action, this claim was filed within 90 days of Lifrak's receipt of this notice.

64.     All administrative prerequisites under the IHRA to file this IHRA action have been satisfied.

**WHEREFORE,** Lifrak prays that this Court, after trial by jury, find for Lifrak and against BSA and LCC on Count II of her Second Amended Counterclaim, and enter judgment for Lifrak for her lost wages, lost benefits of employment, prejudgment interest on these economic damages, for front pay or reinstatement, for actual damages including damages for emotional distress and mental anguish, for attorney's fees and costs of litigation, and for such other relief this Court deems just and proper.

Respectfully submitted,

DOBSON, GOLDBERG, BERNS & RICH, LLP

  /s/ Jonathan C. Berns
Jerome J. Dobson, #32099
Jonathan C. Berns, #37124
Gregory A. Rich, # 45825
DOBSON, GOLDBERG, BERNS & RICH, LLP
5017 Washington Place, 3rd Floor
St. Louis, MO 63108
314-621-8363 Tel.
314-621-8366 Fax
jdobson@dobsongoldberg.com
jberns@dobsongoldberg.com
grich@dobsongoldberg.com

***Attorney for Defendant***

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 26, 2017, the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Rodney A. Harrison, Esq.
Gregg Lemley, Esq.
Julia Breen Drafahl, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
7700 Bonhomme Ave., Ste. 650
St. Louis, MO 63105

/s/Jonathan C. Berns

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
## MISSOURI COMMISSION ON HUMAN RIGHTS

JEREMIAH W. (JAY) NIXON
GOVERNOR

RYAN MCKENNA
DEPARTMENT DIRECTOR

SARA NELL LAMPE
COMMISSION CHAIRPERSON

ALISA WARREN, PH.D.
EXECUTIVE DIRECTOR

FE-3/16-25106
Administrative Use/Records

October 27, 2016

Alicia Lifrak
1647 Golf Course Drive
Belleville, IL 62220

RE: Lifrak vs. Lewis & Clark Council, Boy Scouts of America et al
FE-3/16-25106   560-2016-01141

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been requested in writing 180 days after filing of the complaint. This complaint was being initially processed by the EEOC and MCHR has not been notified of their determination. **Please note that administrative processing of this complaint, including determinations of jurisdiction, has not been completed.**

(continued on next page)

☒
3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐
P.O. BOX 1300
OZARK, MO 65721-1300
FAX: 417-485-6024

☐
1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

☐
106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity em*
TDD/TTY:
www.labor.mo.gov

*services are available upon request to individuals with disabilities.*
Missouri: 711
hr@labor.mo.gov


EXHIBIT
1.
ALL-STATE LEGAL®

RE:   Lifrak vs. Lewis & Clark Council, Boy Scouts of America et al
FE-3/16-25106     560-2016-01141

Respectfully,

Alisa Warren, Ph.D.
Executive Director

Lewis & Clark Council
335 West Main Street
Belleville, IL  62220

Michael McCarthy
34 Cedarbrook Lane
St. Louis, MO 63122

Boy Scouts of America
1325 W. Walnut Hill Lane
Irving, TX  75038

Jonathan C. Berns
5017 Washington Place, Third Floor
St. Louis, MO  63108
*Via email*

3315 W. Truman Blvd.
P.O. Box 1129
Jefferson City, MO 65102-1129
Phone: 573-751-3325
Fax: 573-751-2905

111 N. 7th Street, Suite 903
St. Louis, MO 63101-2100
Phone: 314-340-7590
Fax: 314-340-7238

P.O. Box 1300
Ozark, MO 65721-1300
Fax: 417-485-6024

1410 Genessee, Suite 260
Kansas City, MO 64102
Fax: 816-889-3582

106 Arthur Street
Suite D
Sikeston, MO 63801-5454
Fax: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights        E-Mail: mchr@labor.mo.gov



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**

# MISSOURI COMMISSION ON HUMAN RIGHTS

JEREMIAH W. (JAY) NIXON
GOVERNOR

RYAN MCKENNA
DEPARTMENT DIRECTOR

SARA NELL LAMPE
COMMISSION CHAIRPERSON

ALISA WARREN, PH.D.
EXECUTIVE DIRECTOR

October 27, 2016

Alicia Lifrak
1647 Golf Course Drive
Belleville, IL  62220

RE:  Lifrak vs. Boy Scouts of America et al
     FE-3/16-25107     560-2016-01144

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been requested in writing 180 days after filing of the complaint. This complaint was being initially processed by the EEOC and MCHR has not been notified of their determination. **Please note that administrative processing of this complaint, including determinations of jurisdiction, has not been completed.**

(continued on next page)

☒
3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐
P.O. BOX 1300
OZARK, MO 65721-1300
FAX: 417-485-6024

☐
1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

☐
106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity emp...*        *...rvices are available upon request to individuals with disabilities.*
TDD/TTY:    1...                           ...souri: 711
www.labor.mo.gov/...                        ...@labor.mo.gov



EXHIBIT

2.

ALL-STATE LEGAL®

FE-3/16-25107
Administrative Use/Records

RE:   Lifrak vs. Boy Scouts of America et al
FE-3/16-25107     560-2016-01144

Respectfully,

Alisa Warren, Ph.D.
Executive Director

Boy Scouts of America
1325 W. Walnut Hill Lane
Irving, TX  75038

Lewis & Clark Council
335 West Main Street
Belleville, IL  62220

Michael McCarthy
34 Cedarbrook Lane
St. Louis, MO 63122

Jonathan C. Berns
5017 Washington Place, Third Floor
St. Louis, MO  63108
*Via email*

3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

P.O. BOX 1300
OZARK, MO 65721-1300
FAX: 417-485-6024

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights     E-Mail: mchr@labor.mo.gov

## STATE OF ILLINOIS
## DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:       )
         )
Alicia Lifrak,        )
         )
       COMPLAINANT,   )    CHARGE NO.   2016SF2375
         )    EEOC NO.    21BA61156
AND        )
         )
Lewis & Clark Council,     )
         )
         )
         )
       RESPONDENT.   )

## NOTICE OF DISMISSAL FOR LACK OF JURISDICTION
## AND LACK OF SUBSTANTIAL EVIDENCE

Alicia Lifrak           Lewis & Clark Council
C/o Jonathan C. Berns     c/o Rodney Harrison
Dobson, Goldberg,      Ogletree, Deakins, Nash
Berns & Rich         Smoak & Stewart, PC
5017 Washington Place, 3rd Floor   7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63108      St. Louis, MO 63105



**DATE OF DISMISSAL:** January 17, 2017

## DISMISSAL FOR LACK OF JURISDICTION

1.    YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation report, the DEPARTMENT OF HUMAN RIGHTS (Department) has determined that there is NOT jurisdiction to pursue allegation(s) **A, B, C, D** of the charge. Accordingly, pursuant to Section 7A-102(D) of the Illinois Human Rights Act (Act), 775 ILCS 5/3-101 et. seq. and the Department's Rules and Regulations 56 Ill. Adm. Code. Chapter II, §2520.560, the charge is HEREBY DISMISSED.

## DISMISSAL FOR LACK OF SUBSTANTIAL EVIDENCE

2.    YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation report, the Department has determined that there is NOT substantial evidence to support allegation(s) **E, F, G, H.** of the charge. Accordingly, pursuant to Section 7A-102(D) of the Act, 775 ILCS 5/1-101 et. seq., and the Department's Rules and Regulations, 56 Ill. Adm. Code. Chapter II, §2520.560, the charge is HEREBY DISMISSED.

## SEE ENCLOSED INVESTIGATION REPORT

Page 2
**Notice of Dismissal for Lack of Jurisdiction And Lack of Substantial Evidence
Charge No. 2016SF2375**

3.   If Complainant disagrees with this action, Complainant may:

a)   Seek review of this dismissal before the Illinois Human Rights Commission (Commission), 100 West Randolph Street, Suite 5-100, Chicago, Illinois, 60601, by filing a "Request for Review" with the Commission by the request for review filing date below.  Respondent will be notified by the Commission if a Request for Review is filed.

**REQUEST FOR REVIEW FILING DEADLINE DATE:  April 24, 2017**

Or, Complainant may:

b)   Commence a civil action in the appropriate state circuit court within ninety (90) days of receipt of this Notice.  A complaint should be filed in the Circuit court in the county in which the civil rights violation was allegedly committed. **If you intend to exhaust your State remedies, please notify the Equal Employment Opportunity Commission (EEOC) immediately.  The EEOC generally adopts the Department's findings.** The Appellate Courts in Watkins v. Office of the State Public Defender, ____ Ill.App.3d ____, 976 N.E.2d 387 (1st Dist. 2012) and Lynch v. Department of Transportation, ____ Ill.App.3d ___, 979 N.E.2d 113 (4th Dist. 2012), have held that discrimination complaints brought under the Act against the State of Illinois **in the Illinois Circuit Court** are barred by the State Lawsuit Immunity Act. 745 ILCS 5/1 et seq. Complainants are encouraged to consult with an attorney prior to commencing a civil action in the Circuit Court against the State of Illinois.

**PLEASE NOTE: The Department cannot provide any legal advice or assistance. Please contact legal counsel, your city clerk, or your county clerk with any questions.**

Page 3
Notice of Dismissal for Lack of Jurisdiction And Lack of Substantial Evidence
Charge No.  2016SF2375


4.  Complainant is hereby notified that the charge(s) will be dismissed with prejudice and with no right to further proceed if a timely request for review is not filed with the Commission, or a timely written complaint is not filed with the appropriate circuit court.

5.  If an EEOC charge number is cited above, this charge was also filed with the EEOC. If this charge alleges a violation under Title VII of the Civil Rights Act of 1964, as amended, or the Age Discrimination in Employment Act of 1967, Complainant has the right to request that EEOC perform a Substantial Weight Review of this dismissal. Please note that in order to receive such a review by the EEOC, a request must be made in writing and sent to EEOC within fifteen (15) days of the receipt of this notice, or if a request for review is filed with the Commission, within fifteen (15) days of the Commission's final order. Any request filed prior to your receipt of a final notice WILL NOT BE HONORED. Send your request for a Substantial Weight Review to EEOC, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661. Otherwise, EEOC will generally adopt the Department's action in this case.


**PLEASE NOTE:  BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPPOINTMENT IS REQUIRED, CALL (312) 869-8000 OR (800) 669-4000.**


DEPARTMENT OF HUMAN RIGHTS


Janice Glenn
Acting Director


HB1509/HB59/LSE/LOJ
12/16
kjb

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| Alicia Lifrak   , | ) | |
| | ) | |
| COMPLAINANT, | ) | CHARGE NO.   2016SF2376 |
| | ) | EEOC NO.   21BA61157 |
| AND | ) | |
| | ) | |
| Boy Scouts of America, | ) | |
| | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

## NOTICE OF DISMISSAL FOR LACK OF JURISDICTION
## AND LACK OF SUBSTANTIAL EVIDENCE

Alicia Lifrak
C/o Jonathan C. Berns
Dobson, Goldberg, Berns & Rich
5017 Washington Place, Third Floor
St. Louis, MO  63108

Boy Scouts of America
C/o Rodney Harrison
Ogletree, Deakins, Nash,
Smoak & Stewart, PC
7700 Bonhomme Avenue, Suite 650
St. Louis, MO  63105

**EXHIBIT**
**4**
ALL-STATE LEGAL®

**DATE OF DISMISSAL:** January 17, 2016

## DISMISSAL FOR LACK OF JURISDICTION

1.      YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation report, the DEPARTMENT OF HUMAN RIGHTS (Department) has determined that there is NOT jurisdiction to pursue allegation(s) **A; B; C; and D** of the charge.  Accordingly, pursuant to Section 7A-102(D) of the Illinois Human Rights Act (Act), 775 ILCS 5/3-101 et. seq. and the Department's Rules and Regulations 56 Ill. Adm. Code. Chapter II, §2520.560, the charge is HEREBY DISMISSED.

## DISMISSAL FOR LACK OF SUBSTANTIAL EVIDENCE

2.      YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation report, the Department has determined that there is NOT substantial evidence to support allegation(s) **E; F; G; and H** of the charge. Accordingly, pursuant to Section 7A-102(D) of the Act, 775 ILCS 5/1-101 et. seq., and the Department's Rules and Regulations, 56 Ill. Adm. Code. Chapter II, §2520.560, the charge is HEREBY DISMISSED.

Page 2
Notice of Dismissal for Lack of Jurisdiction And Lack of Substantial Evidence
Charge No.  2016SF2376

## SEE ENCLOSED INVESTIGATION REPORT

3.    If Complainant disagrees with this action, Complainant may:

a) Seek review of this dismissal before the Illinois Human Rights Commission (Commission), 100 West Randolph Street, Suite 5-100, Chicago, Illinois, 60601, by filing a "Request for Review" with the Commission by the request for review filing date below.  Respondent will be notified by the Commission if a Request for Review is filed.

**REQUEST FOR REVIEW FILING DEADLINE DATE:  December 27, 2016**

Or, Complainant may:

b) Commence a civil action in the appropriate state circuit court within ninety (90) days of receipt of this Notice.  A complaint should be filed in the Circuit court in the county in which the civil rights violation was allegedly committed. **If you intend to exhaust your State remedies, please notify the Equal Employment Opportunity Commission (EEOC) immediately.  The EEOC generally adopts the Department's findings.** The Appellate Courts in Watkins v. Office of the State Public Defender, ____ Ill.App.3d ____, 976 N.E.2d 387 (1st Dist. 2012) and Lynch v. Department of Transportation, ____ Ill.App.3d ____, 979 N.E.2d 113 (4th Dist. 2012), have held that discrimination complaints brought under the Act against the State of Illinois **in the Illinois Circuit Court** are barred by the State Lawsuit Immunity Act. 745 ILCS 5/1 et seq. Complainants are encouraged to consult with an attorney prior to commencing a civil action in the Circuit Court against the State of Illinois.

**PLEASE NOTE: The Department cannot provide any legal advice or assistance. Please contact legal counsel, your city clerk, or your county clerk with any questions.**

Page 3
**Notice of Dismissal for Lack of Jurisdiction And Lack of Substantial Evidence**
**Charge No.  2016SF2376**

4.  Complainant is hereby notified that the charge(s) will be dismissed with prejudice and with no right to further proceed if a timely request for review is not filed with the Commission, or a timely written complaint is not filed with the appropriate circuit court.

5.  If an EEOC charge number is cited above, this charge was also filed with the EEOC. If this charge alleges a violation under Title VII of the Civil Rights Act of 1964, as amended, or the Age Discrimination in Employment Act of 1967, Complainant has the right to request that EEOC perform a Substantial Weight Review of this dismissal. Please note that in order to receive such a review by the EEOC, a request must be made in writing and sent to EEOC within fifteen (15) days of the receipt of this notice, or if a request for review is filed with the Commission, within fifteen (15) days of the Commission's final order. Any request filed prior to your receipt of a final notice WILL NOT BE HONORED. Send your request for a Substantial Weight Review to EEOC, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661. Otherwise, EEOC will generally adopt the Department's action in this case.

**PLEASE NOTE:  BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPPOINTMENT IS REQUIRED, CALL (312) 869-8000 OR (800) 669-4000.**

DEPARTMENT OF HUMAN RIGHTS

Janice Glenn
Acting Director

JG/yjt
HB1509/HB59/LSE/LOJ
12/16